THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL MULLER, #R70928, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-02147-GCS |
| | ) |
| DAVID MITCHELL, | ) |
| SGT. TRAVESTED, | ) |
| and OFFICER STOWERS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Samuel Muller, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Sheridan Correctional Center ("Sheridan"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was subjected to unconstitutional living conditions at Pinckneyville Correctional Center ("Pinckneyville") in May 2023, in retaliation for filing a complaint against one of the defendants for staff misconduct. He seeks monetary and injunctive relief. *Id.*

The Complaint is subject to review under 28 U.S.C. § 1915A.[1] The Court is required to screen prisoner complaints and dismiss claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *See*

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a magistrate judge (Doc. 7) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

For seven days in May 2023, Plaintiff was housed in a cell in Pinckneyville that lacked a working toilet. (Doc. 1, p. 4-5). He reported a broken flush button to Officer Stowers on May 19, 2023. *Id*. at p. 4. The officer agreed to submit a work order to the maintenance department. However, the toilet was not repaired. *Id*.

Plaintiff filed a second complaint with Officer Stowers and Sergeant Travested on May 25, 2023. This time, he also described an accumulation of urine and feces in his toilet and requested access to a working commode in the prison's dayroom. Officer Stowers again agreed to submit a work order for repair of the toilet, but the officer added that this was simply a "consequence[ ] of being in jail." (Doc. 1, p. 4). Plaintiff was given no access to a working toilet. He was forced to urinate and defecate on top of the accumulated waste. At some point, Officer Davis opened the plumbing door and attempted to flush the toilet from inside, but he was unable to do so. *Id*.

On May 26, 2023, Plaintiff informed Sergeant Harbor and Officer Stowers that his toilet was still not working, and he repeated his request for access to another toilet. Officer Stowers said the issue was "above his pay grade" and he refused to help. (Doc. 1, p. 5). Plaintiff noticed that inmate workers were let out of their cells to clean and pass out food trays. When Plaintiff requested permission to "at least step out to get some air" because he was feeling light-headed, the officer denied his request. *Id*. Plaintiff was also denied cleaning supplies and forced to eat his meals in the stench of his dirty cell. During

the same time period, Plaintiff's grievance against Officer Stowers for staff misconduct was pending, and he requested a prison transfer to avoid further retaliation. *Id.*

### PRELIMINARY DISMISSALS

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: Officer Davis and Sergeant Harbor. The Court will not treat these individuals as defendants, and all claims against them are considered dismissed without prejudice. *See, e.g.*, FED. R. CIV. PROC. 10(a) (noting that the title of the complaint "must name all the parties").

Plaintiff also identifies Warden David Mitchell as a defendant in the Complaint but sets forth no allegations against him. If a plaintiff fails to include the name of a defendant in his statement of claim or make any allegations against that individual, the defendant cannot be said to have notice of which claims, if any, are directed against the party. *See* FED. R. CIV. PROC. 8(a)(2). In other words, merely invoking the name of a potential defendant is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Even if Plaintiff named the warden as a defendant for purposes of carrying out injunctive relief, the warden must still be dismissed. Plaintiff transferred from Pinckneyville to Sheridan soon after filing suit. His request for injunctive relief is moot, unless Plaintiff can demonstrate a realistic likelihood of returning to Pinckneyville and facing the same conditions there. *See Tolentino v. Baker*, No. 15-3710, 679 Fed. Appx. 503, 504 (7th Cir. Mar. 9, 2017). Having made no such assertion, the Court deems it appropriate to dismiss the warden from this action without prejudice.

## DISCUSSION

Based on the allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants Stowers and Travested for subjecting Plaintiff to unconstitutional living conditions at Pinckneyville, by placing him in a cell with a broken toilet and denying him cleaning supplies, access to a working commode, and access to sanitary dining from May 19-26, 2023.

**Count 2:** First Amendment claim against Officer Stowers for retaliating against Plaintiff for filing a complaint of staff misconduct against him by refusing to repair his broken toilet, provide him with cleaning supplies, or grant him access to a working commode from May 19-26, 2023.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## COUNT 1

The Eighth Amendment protects prisoners from conditions of confinement that fall below the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). When presented with a complaint about unconstitutional living conditions in prison, the court conducts an objective and subjective inquiry under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective inquiry, the Court asks whether the complained-of conditions are sufficiently serious. *Id*. To satisfy the subjective inquiry, the Court considers whether each defendant responded

---

[2] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

to a serious risk of harm posed to the plaintiff's health or safety with deliberate indifference, which occurs when a prison official knows of and disregards an excessive risk to inmate health or safety posed by the conditions. *Id*. at 837-838.

Plaintiff describes living conditions that are sufficiently serious to support an Eighth Amendment claim. *See, e.g.*, *Vinning-El v. Long*, 482 F.3d 923, 925 (7th Cir. 2007) (noting that objectively serious conditions included cell with broken sink and toilet, floors inundated in water, walls smeared with feces and blood, no mattress or bedding, and no hygiene supplies); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (indicating that cell with "rusted out" toilets, no toilet paper, smeared feces, inadequate heating, dirty bedding, and contaminated water deemed objectively serious); *Johnson v. Pelker*, 891 F.2d 136, 139-140 (7th Cir. 1989) (noting that cell smeared with feces with no access to running water was sufficiently serious to support Eighth Amendment claim). The allegations also suggest that Officer Stowers responded to these conditions with deliberate indifference, when he repeatedly refused to address Plaintiff's complaints about the broken toilet, the accumulation of waste, and the lack of cleaning supplies. Count 1 shall thus proceed against Officer Stowers.

However, this claim does not survive screening against Sergeant Travested. This defendant received a single complaint about the broken toilet on May 25, 2023. At the time, Officer Stowers was also present and agreed to submit a work order requesting repair of the toilet. The sergeant reasonably relied on Officer Stower's statement and was not acting with deliberate indifference when doing so. No other allegations suggest he

was involved in this matter. Count 1 shall thus be dismissed without prejudice against Sergeant Travested.

## COUNT 2

To bring a claim of retaliation under the First Amendment, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell,* 756 F.3d 983, 996 (7th Cir. 2014) (citations omitted). Put differently, an inmate has a First Amendment right to file grievances and lawsuits, *Watkins v. Kasper,* 599 F.3d 791, 798 (7th Cir. 2010), and "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000), abrogated on other grounds by, *Savory v. Cannon,* 947 F.3d 409 (7th Cir. 2020). Plaintiff alleges that he was denied access to a working toilet, cleaning supplies, and clean dining conditions after he filed a complaint against Officer Stowers for staff misconduct. At this stage, the Court must liberally construe the allegations made by the *pro se* plaintiff. When doing so, the Court finds that Count 2 survives preliminary review against Officer Stowers.

## DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **OFFICER STOWERS**, in his individual capacity. However, no claims survive screening against any other defendants. Therefore, **WARDEN DAVID MITCHELL** and **SERGEANT TRAVESTED** are **DISMISSED**

without prejudice from this action.

With regard to Counts 1 and 2, the Clerk of Court shall prepare for **OFFICER STOWERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Stowers is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant Stowers should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,


even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: December 18, 2023.**

Digitally signed by Judge Sison
Date: 2023.12.18 11:37:34 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him or her with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has answered, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**